Cui v. Holder

BIA
A099 927 459

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand thirteen.

PRESENT:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

GUANGJIE CUI,
> *Petitioner,*

> v.                                    12-682
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gang Zhou, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Ernesto H. Molina,
                         Assistant Director; Nancy N. Safavi,
                         Trial Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Guangjie Cui, a native and citizen of the People's Republic of China, seeks review of a January 26, 2012, decision of the BIA denying his motion to reopen. *In re Guangjie Cui*, No. A099 927 459 (B.I.A. Jan. 26, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We find no abuse of discretion in this case.

There is no dispute that Cui's 2011 motion to reopen was untimely because his administrative removal order became final in 2009. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). To the extent Cui contends that the time limitation does not apply because his motion is "based on changed circumstances arising in" China, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), his arguments are unpersuasive.

Initially, the basis of Cui's motion to reopen – his renewed claim for asylum based on his conversion to Christianity in the United States – was a change in personal circumstances arising in the United States, not a change of conditions arising in China. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii) (providing that the 90-day time limitation circumscribes eligibility for relief unless the motion is based on a change in the country of removal); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

Moreover, substantial evidence supports the BIA's conclusion that Cui's documentation failed to demonstrate changed conditions in China. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing BIA's factual findings regarding changed country conditions under the substantial evidence standard). Contrary to Cui's claim, the BIA's decision indicates that it considered the background evidence and the letters from Cui's family and his pastor. Based on that evidence, the BIA reasonably found that Cui did not establish changed conditions in China as the evidence showed the same type of treatment of Christians at the time of Cui's hearing. *See Xiao Ji Chen v. U.S.*

3

*Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006);

*Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008);

*Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4